UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN DEL VALLE CASTRO, A-244-178-487,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-05096-DJC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and filed a motion to enforce judgment which is referred to the undersigned for the findings and recommendations. (ECF Nos. 13, 14.) The motion and respondents' opposition are before the court. (ECF Nos. 13, 16.) For the reasons set forth below, the motion should be denied.

**I. Background**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 2, 2026. (ECF No. 1.) On July 13, 2026, the presiding district court judge granted the petition and ordered that petitioner receive the remedy of a bond hearing, as follows:

> Within fourteen (14) days of this Order, Respondents shall afford Petitioner… a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses

> a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

(ECF No. 9 at 2.)

On July 27, 2026, an immigration judge (IJ) held the hearing and denied bond. (ECF No. 12.) The IJ found petitioner presented a risk of both danger and flight. (Id. at 3-4.) Petitioner reserved appeal, which was due August 26, 2026. (Id. at 5.)

In the motion to enforce judgment presently before the court, petitioner asserts the bond hearing was unfair because he did not have enough time to submit his supporting evidence including letters from his family, friends, and his sponsor, and the address where he would live in the event bond were granted. (ECF No. 13 at 3.) In addition, petitioner alleges the government failed to prove by clear and convincing evidence that he presents a risk of danger and that the court failed to consider alternatives to detention. (Id. at 3-4.) Petitioner further asserts his detention has become prolonged and punitive. (Id.)

Respondent argues the motion should be denied because the IJ did not abuse her discretion, applied the correct legal standard and burden of proof, and was not required to consider alternatives to detention. (ECF No. 16 at 3-5.) Respondent also argues petitioner failed to exhaust administrative remedies for this motion and has not properly raised any new claim for prolonged detention. (Id.)

**II. Legal Standard**

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." Rose v. Guyer, 961 F.3d 1238, 1246 (9th Cir. 2020) (citation omitted). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. Martinez v. Clark, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"); e.g., Kumar v. Noem, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations."). "[A]buse of discretion" review does not

involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." See Martinez, 124 F.4th at 785 (citation omitted). "Thus, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." Kumar, 2026 WL 983129, at *2.

## III. Discussion

### A. Exhaustion

It is not clear whether petitioner has appealed the outcome of the bond hearing to the BIA or the status of that appeal if he has appealed. Normally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because this is a motion to enforce the court's prior judgment for a habeas petition seeking relief pursuant to 28 U.S.C § 2241, the court should waive the prudential exhaustion requirement as to the determination whether the IJ complied with the court's order. See Cervantes v. Warden, No. 1:26-CV-00640-KES-CDB (HC), 2026 WL 2150777, at *2 (E.D. Cal. July 27, 2026).

### B. Petitioner's Challenge to Bond Hearing

The court's prior order required the government to provide petitioner with a constitutionally adequate bond hearing before an IJ at which the government bears the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or risk of flight, and at which he was allowed to have counsel present. The record indicates the government complied with that directive. On July 22, 2026, petitioner received notice of a custody redetermination hearing to take place on July 27, 2026. (ECF No. 11 at 5.) On July 27, 2026, within the time prescribed by the court, petitioner appeared before an IJ, argued for his release, and received an order denying bond. (ECF No. 12.)

With respect to the legal framework governing the hearing, the IJ's written order stated respondent had the burden of proof to show by "clear and convincing evidence" that petitioner "is such a significant flight risk that no bond or release conditions… could sufficiently mitigate that risk." (ECF No. 12 at 4.) The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," a federal court may accept that

it "applied the correct legal standard," unless there is an indication that "something is amiss." See Martinez, 124 F.4th at 785. Here, the record contains no indication the IJ failed to meaningfully apply the burden correctly.

An IJ has broad discretion to consider a number of factors to determine whether the detainee merits release on bond. Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The non-exhaustive factors include the following: whether the person has a fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. Id.

In assessing dangerousness, "criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." Singh v. Holder, 638 F.3d 1196, 1206 (9th Cir. 2011), abrogated on other grounds in Jennings v. Rodriguez, 583 U.S. 281 (2018). Rather, an immigration judge "must also consider the recency and severity of the offenses." Id. Under BIA case law, immigration judges may properly "consider not only the nature of a criminal offense but also the specific circumstances surrounding [the] conduct," Matter of Siniauskas, 27 I&N Dec. 207, 208-09 (BIA 2018), as well as any unfavorable evidence of conduct, "including arrests that did not ultimately result in conviction." Matter of Urena, 25 I&N Dec. 140, 140 (BIA 2009).

Here, the IJ applied the correct legal standard and relied on appropriate factors in denying bond based on petitioner's danger to the community, including the recency and severity of petitioner's criminal history. Specifically, the IJ relied on evidence that petitioner was convicted in 2025 of molesting a child and sentenced to five years of probation. (ECF No. 12 at 3.) The IJ properly considered petitioner's "criminal record, including… the recency of such activity, and the seriousness of the offense[.]" In Re Guerra, 24 I. & N. Dec. at 40.

As to petitioner's risk of flight, the IJ acknowledged petitioner's family ties to the United States and gainful employment but found that given the recency of his entry and the speculative nature of the relief he seeks, no bond or release conditions could sufficiently mitigate the risk of flight. (ECF No. 12 at 4.) The court need not consider the IJ's findings with respect to flight risk

in order to uphold the detention order because, as set forth above, the IJ committed no abuse of discretion in finding petitioner is a danger to the community.

Petitioner's disagreement is with how the IJ weighed the evidence, but this court may not second guess the IJ's weighing of the evidence. See Martinez, 124 F.4th at 784. Complaints about the weight of specific pieces of evidence and the ultimate conclusion the IJ reached must be presented through the normal immigration appeal process. See Valenzuela v. Semaia, Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue."). The IJ's decision denying bond was not an abuse of discretion, and there is no legal basis for the court to find respondent failed to comply with the court's prior order.

To the extent petitioner makes the argument that his detention has become prolonged and therefore punitive, this motion does not provide an avenue of relief. First, petitioner's remedy for prolonged detention during removal proceedings would be a second bond hearing, not release. See Lopez v. Garland, 631 F. Supp. 3d 870, 882-83 (E.D. Cal. 2022). Under the test of Mathews v. Eldridge 424 U.S. 319 (1976), for procedural due process rights, petitioner is not entitled to second bond hearing. See Rodriguez Diaz v. Garland, 53 F. 4th 1189, 1207-10 (9th Cir. 2022). Even considering that petitioner has a liberty interest affected by official action, he received a bond hearing approximately two months ago, on July 27, 2026. The government has a strong interest in preventing noncitizens from remaining in United States in violation of its laws. The decision to detain petitioner was subject to review and petitioner had an opportunity to appeal the IJ's decision. No further process is due.

Petitioner has not demonstrated a violation of his due process rights, respondent's failure to comply with the court's prior order, or that the IJ committed an abuse of discretion. Thus, the motion to enforce should be denied.

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED that petitioner's motion to enforce judgment (ECF No. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations.” Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vall5096.mte